IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 6, 2009

## CEDRIC JEFFRIES v. STEVEN DOTSON, WARDEN

**Appeal from the Circuit Court for Hardeman County**
**No. 09-02-0402     Joe H. Walker, Judge**

**No. W2009-00816-CCA-R3-HC   -   Filed December 14, 2009**

The *pro se* petitioner, Cedric Jeffries, appeals the Hardeman County Circuit Court's summary dismissal of his petition for writ of habeas corpus. Following our review, we affirm the dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR. and CAMILLE R. MCMULLEN, JJ., joined.

Cedric Jeffries, Whiteville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Cameron L. Hyder, Assistant Attorney General, for the appellee, State of Tennessee.

### OPINION

### FACTS

In September 2007, the petitioner was indicted in case number 07-07132 for rape and aggravated kidnapping, both Class B felonies. He pled guilty to both charges in May 2008 and was sentenced to eight years on each charge, to be served concurrently with each other but consecutively to a sentence in case number 06-07542.

On March 25, 2009, the petitioner filed a petition for writ of habeas corpus relief in the Hardeman County Circuit Court. As grounds for issuance of the writ, the petitioner claimed that his sentence is void because the trial court failed to explain his constitutional rights in compliance with Rule 11 of the Tennessee Rules of Criminal Procedure in accepting his pleas. In support of his argument, the petitioner attached portions of the transcript of guilty plea hearing; however, five out of the eleven pages are not contained within the record before us. We additionally note that although his habeas petition indicates that he is challenging judgments in both case number 07-07132 and 06-07542, neither an indictment nor a judgment for case number 06-07542 is included in the record

before us. The habeas court denied the petition by written order filed on March 30, 2009, and the petitioner appealed.

## ANALYSIS

Whether the petitioner is entitled to habeas corpus relief is a question of law. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007); Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000). As such, our review is *de novo* with no presumption of correctness given to the trial court's findings and conclusions. Id.

It is well-established in Tennessee that the remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007); State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000); State v. Davenport, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). The judgment of a court of general jurisdiction is conclusive and presumed to be valid, and such a judgment can only be impeached if the record affirmatively shows that the rendering court was without personal or subject matter jurisdiction. Archer v. State, 851 S.W.2d 157, 162 (Tenn. 1993). A void judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." Summers, 212 S.W.3d at 256 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998)). A voidable judgment is one which is facially valid and which requires evidence beyond the face of the judgment or the record of the proceedings to establish its invalidity. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999).

A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). Furthermore, when "a habeas corpus petition fails to establish that a judgment is void, a trial court may dismiss the petition without a hearing." Summers, 212 S.W.3d at 260 (citing Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn. 2005)).

The petitioner's claim that the trial court failed to comply with Rule 11 of the Tennessee Rules of Criminal Procedure is an allegation that would render a conviction voidable, not void. Accord Archer, 851 S.W.2d at 163. We therefore conclude that the petitioner did not raise a claim cognizable in a habeas corpus proceeding and that summary dismissal was appropriate.

We are constrained to note that Tennessee Code Annotated section 40-30-105(c) instructs trial courts to treat habeas petitions as post-conviction petitions "when the relief and procedure authorized by [the Post-Conviction Procedure Act] appear adequate and appropriate." In this regard, the court found that if it were to treat the petition as one for post-conviction relief, it would not have jurisdiction pursuant to Tennessee Code Annotated sections 40-30-202 and 40-30-204.[1] We disagree that the court would not have jurisdiction due to a failure to comply with the statute of limitations as the petition appears to have been filed within one year of the date of conviction. See Tenn. Code

---

[1] It appears that the trial court actually meant sections 40-30-102 and 40-30-104, not the pre-2003 numeration.

Ann. § 40-30-102. However, we agree that the court would not have jurisdiction under Tennessee Code Annotated section 40-30-104 as the petition was not filed in the correct court for post-conviction review.[2]

Interestingly, our supreme court recently addressed a similar situation in Carter v. Bell, 279 S.W.3d 560 (Tenn. 2009). In Carter, the petitioner, who was incarcerated in Davidson County, filed a petition for writ of habeas corpus in the Davidson County Criminal Court approximately nine months after he pled guilty to and was sentenced on a drug charge. Id. at 561. The habeas court summarily dismissed Carter's petition, concluding that his judgment was neither illegal nor void. Id. at 562. Thereafter, Carter appealed to this court, arguing that the denial was in error and also asking this court to treat his habeas corpus petition as a petition for post-conviction relief and order the habeas court to transfer the case to the appropriate county for post-conviction review. Id. This court first upheld the denial of habeas relief on the merits and, after noting that other panels of this court have disagreed[3] on the transfer question, rejected Carter's argument that Tennessee Code Annotated section 16-1-116 provided for a transfer of his habeas petition to the appropriate court for a post-conviction petition. Id.; Terrance N. Carter v. Rickey Bell, Warden, No. M2006-01363-CCA-R3-HC, 2007 WL 2744998, at *1-*3 (Tenn. Crim. App. Sept. 21, 2007), perm. to appeal granted (Tenn. Jan. 28, 2008).

Our supreme court noted that even if Carter's habeas petition could be treated as one for post-conviction relief, because the habeas court lacked subject matter jurisdiction over a post-conviction case, it could not direct a transfer to the appropriate court in the absence of statutory authority. Carter, 279 S.W.3d at 563. Analyzing Tennessee Code Annotated section 16-1-116, which permits transfer of "original civil action[s]," our supreme court concluded that the statute did not authorize transfer of Carter's habeas petition, even if it were treated as a post-conviction action. Id. at 564-66.

In light of this reasoning, we note that the habeas court here did not have jurisdiction over the petitioner's claim if treated as a post-conviction action, and did not have jurisdiction to direct a transfer to the correct court for post-conviction review. In addition, similar to the situation in Carter, the petitioner had at least a month and a half before the expiration of the statute of limitations to file a post-conviction petition in the proper court upon the habeas court's prompt denial, yet he did not do so. We furthermore note that to the extent the petitioner's claim is grounded in the trial court's alleged violation of Tennessee Rule of Criminal Procedure 11 and not in the abridgment of a

---

[2] The petition was filed in Hardeman County, the correct court for habeas review, but a petition for post-conviction relief must be filed in the county of conviction, here, Shelby County.

[3] This court pointed to Manny T. Anderson v. State, No. M2004-02116-CCA-R3-HC, 2006 WL 739885, at *3 (Tenn. Crim. App. Mar. 23, 2006) (directing habeas court to transfer petition to correct court for post-conviction review to be treated as a post-conviction petition) and State v. Charles Damien Darden, No. W2001-01833-CCA-R3-CD, 2002 WL 1482798, at *2 (Tenn. Crim. App. Feb. 12, 2002) (noting that habeas court did not have jurisdiction over issues of post-conviction relief and was without jurisdiction to direct transfer to appropriate court for post-conviction review) as evidence of the disagreement among panels.

constitutional right, it was not cognizable in a claim for post-conviction relief anyway. <u>See</u> <u>Matthew Melton Jackson v. State</u>, No. M2004-01342-CCA-R3-PC, 2005 WL 1220242, at *10 (Tenn. Crim. App. May 18, 2005), <u>perm. to appeal denied</u> (Tenn. Oct. 31, 2005).

## **CONCLUSION**

Based on the foregoing authorities and reasoning, we affirm the habeas court's summary dismissal of the petitioner's petition for writ of habeas corpus.

_____
ALAN E. GLENN, JUDGE