# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE
### June 4, 2008 Session

## TERRANCE N. CARTER v. RICKEY BELL

**Appeal by Permission from the Court of Criminal Appeals**
**Criminal Court for Davidson County**
**No. 3766     Monte Watkins, Judge**

---

**No. M2006-01363-SC-R11-HC - Filed February 27, 2009**

---

This appeal involves the application of the transfer provisions in Tenn. Code Ann. § 16-1-116 (Supp. 2008) to habeas corpus petitions challenging a criminal conviction. The petitioner, who was incarcerated in Davidson County, filed a petition for a writ of habeas corpus in the Criminal Court for Davidson County. The trial court promptly denied the petition on its merits. Rather than filing a petition seeking post-conviction relief, the petitioner appealed the dismissal of his habeas corpus petition to the Court of Criminal Appeals. For the first time on appeal, the petitioner, invoking Tenn. Code Ann. § 16-1-116, requested the Court of Criminal Appeals to transfer his habeas corpus petition to Maury County, where he had been convicted, for consideration as a post-conviction petition. The Court of Criminal Appeals declined to transfer the habeas corpus petition to Maury County and affirmed the denial of the petition. *Carter v. Bell*, No. M2006-01363-CCA-R3-HC, 2007 WL 2744998 (Tenn. Crim. App. Sept. 21, 2007). We affirm the judgment of the Court of Criminal Appeals.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Criminal Appeals Affirmed.**

WILLIAM C. KOCH, JR., J., delivered the opinion of the court, in which JANICE M. HOLDER, C.J., WILLIAM M. BARKER, and CORNELIA A. CLARK, JJ., joined. GARY R. WADE, J., filed a dissenting opinion.

Peter D. Heil, Nashville, Tennessee, for the appellant, Terrance N. Carter.

Robert E. Cooper, Jr., Attorney General and Reporter; Michael E. Moore, Solicitor General; Rachel E. Willis, Assistant Attorney General; Victor S. Johnson III, District Attorney General; and Roger Moore, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.**

In 2005, Terrance N. Carter pleaded guilty in the Circuit Court for Maury County to possession of less than one-half (.5) grams of cocaine with the intent to sell. On August 29, 2005, in accordance with Mr. Carter's plea agreement, the court in Maury County sentenced Mr. Carter as a Range I offender to seven years to be served consecutively to a prior sentence. The judgment stated in the space for "Special Conditions" that Mr. Carter had agreed to both consecutive sentencing and to a sentence outside of the range.

Mr. Carter was incarcerated in a prison in Davidson County. On May 23, 2006, he filed a pro se "Petition for a Writ of Habeas Corpus" in the Criminal Court for Davidson County. He asserted in his petition that the trial court in Maury County lacked jurisdiction to impose his consecutive seven-year sentence because it exceeded the maximum sentence available to a Range I offender convicted of the crime to which he had pleaded guilty.[1] Mr. Carter further contended that "[g]iven the illegality of the agreed sentences," his guilty plea "was not knowingly and voluntarily entered" and may be withdrawn.

On June 8, 2006, the trial court denied Mr. Carter's habeas corpus petition without appointing counsel or holding a hearing. Noting that Mr. Carter had agreed to be sentenced outside of his range, the trial court concluded that Mr. Carter's judgment was neither illegal nor void.

Mr. Carter then appealed pro se to the Court of Criminal Appeals. Counsel was appointed to represent him. In his pro se brief filed in the Court of Criminal Appeals, Mr. Carter argued (1) that the trial court erred by denying the habeas corpus petition without appointing counsel and holding a hearing and (2) that the judgment was void because he received an out-of-range sentence. Mr. Carter also asserted that the Court of Criminal Appeals should treat the habeas corpus petition as a petition for post-conviction relief and should order the Criminal Court for Davidson County to transfer the case to Maury County.[2]

The Court of Criminal Appeals filed its opinion on September 21, 2007. The court, in a holding entirely consistent with *Hoover v. State*, 215 S.W.3d 776, 780 (Tenn. 2007), held that the sentence that Mr. Carter agreed to serve was legal because it was within the maximum sentence

---

[1]Possession of cocaine with intent to sell less than point five (.5) grams, a Class C felony, has a sentence range of three to six years for a Range I offender. Tenn. Code Ann. § 40-35-112(a)(3) (2006).

[2]It was not until the oral argument before the Court of Criminal Appeals that Mr. Carter's lawyer cited Tenn. Code Ann. § 16-1-116 as authority for his request to transfer Mr. Carter's habeas corpus petition to Maury County.

allowable for the offense.[3] *Carter v. Bell*, No. M2006-01363-CCA-R3-HC, 2007 WL 2744998, at *1 (Tenn. Crim. App. Sept. 21, 2007). After noting that other panels of the Court of Criminal Appeals disagreed on the transfer question,[4] the Court of Criminal Appeals rejected Mr. Carter's argument that Tenn. Code Ann. § 16-1-116 empowered the trial court in Davidson County to transfer Mr. Carter's habeas corpus petition to Maury County. *Carter v. Bell*, 2007 WL 27449998, at *3. The court, therefore, affirmed the denial of Mr. Carter's habeas corpus petition. We granted Mr. Carter's application for permission to appeal to secure uniformity of decisions regarding the transfer issue.[5] *See* Tenn. R. App. P. 11(a).

## II.

An application for a writ of habeas corpus "should be made to the court or judge most convenient in point of distance to the applicant, unless a sufficient reason be given in the petition for not applying to such court or judge." Tenn. Code Ann. § 29-21-105 (2000). Filing with the nearest court or judge generally means the county where the petitioner is being held, unless a sufficient reason is given for not doing so. *State ex rel. Leach v. Avery*, 215 Tenn. 425, 427, 387 S.W.2d 346, 347 (1964). A post-conviction petition, on the other hand, must be filed "with the clerk of the court in which the conviction occurred." Tenn. Code Ann. § 40-30-104(a) (2006).

Mr. Carter properly filed his habeas corpus petition in the county in which he was incarcerated. His claim – that he agreed to an illegal sentence and should therefore be allowed to withdraw his guilty plea – was properly presented in a habeas corpus petition. *See Smith v. Lewis*, 202 S.W.3d 124, 129 (Tenn. 2006) (recognizing that where sentence bargained for is otherwise illegal, guilty plea may be withdrawn upon habeas corpus proceedings). The court in Davidson County properly declined to grant Mr. Carter habeas corpus relief on the merits of his claim. *See Hoover v. State*, 215 S.W.3d at 780 (holding that an agreed sentence outside of offender range but within statutory maximum is legal).

Mr. Carter asserted for the first time before the Court of Criminal Appeals that the habeas corpus petition should be treated as one for post-conviction relief based on the claim that his guilty plea was not knowingly and voluntarily entered. The Post-Conviction Procedure Act provides that

---

[3]The maximum sentence allowed for a Class C felony is fifteen years. Tenn. Code Ann. § 40-35-111(b)(3) (2006).

[4]*Compare Anderson v. State*, No. M2004-02116-CCA-R3-HC, 2006 WL 739885, at *1 (Tenn. Crim. App. Mar. 23, 2006) (No Tenn. R. App. P. 11 application filed) (directing the habeas court to transfer the petition to convicting court for docketing as post-conviction matter) *with State v. Darden*, No. W2001-01833-CCA-R3-CD, 2002 WL 1482798, at *2 (Tenn. Crim. App. Feb. 12, 2002) (No Tenn. R. App. P. 11 application filed) (holding that the habeas court did not have authority to transfer case to proper post-conviction court).

[5]As a preliminary matter, the State argues that the Court of Criminal Appeals erred in addressing the transfer issue because it was not raised in the trial court. Whether a transfer would be in the interest of justice may be addressed for the first time on appeal. *See Hawkins v. Tenn. Dep't of Correction*, 127 S.W.3d 749, 766 (Tenn. Ct. App. 2002) (transfer of petition for writ of certiorari challenging result of prison disciplinary proceeding).

a "petition for habeas corpus may be treated as a petition under this part when the relief and procedure authorized by this part appear adequate and appropriate, notwithstanding anything to the contrary in title 29, chapter 21, or any other statute." Tenn. Code Ann. § 40-30-105(c) (2006). No similar statutory provision exists, however, specifically authorizing a habeas court to transfer a petition for a writ of habeas corpus to a court with jurisdiction to treat the petition as one for post-conviction relief.

Even in the absence of such a statutory provision, a court has the discretion to treat a pleading according to the relief sought. *Norton v. Everhart*, 895 S.W.2d 317, 319 (Tenn. 1995). In *Norton*, the petitioner filed a pro se petition for a writ of habeas corpus in Morgan County, alleging that the Board of Paroles had illegally revoked his parole. The trial court dismissed the petition, concluding that it failed to state a claim for habeas corpus relief and that a claim for review of the actions of the Board of Paroles must be filed in Davidson County. The Court of Criminal Appeals reversed, concluding that the trial court should have converted the habeas petition into a petition for common-law writ of certiorari and transferred it to a proper court in Davidson County. Although this Court agreed with the Court of Criminal Appeals that a trial court has the discretion to treat a pleading according to the relief sought, we determined that a trial court lacking subject matter jurisdiction over a case may not transfer it in the absence of statutory authority. *Norton v. Everhart*, 895 S.W.2d at 319-20. Thus, even if Mr. Carter's habeas corpus petition could be treated as one for post-conviction relief, the habeas court, lacking subject matter jurisdiction over a post-conviction case, may not transfer the action in the absence of statutory authority.

While bound by this general rule, the Court in *Norton* observed in dicta that "both judicial economy and our state's policy of disposing of cases on the merits, rather than for technical reasons, would be better served by the adoption of a rule allowing courts without subject matter jurisdiction to transfer the case to any proper court." *Norton v. Everhart*, 895 S.W.2d at 320. The Court, therefore, invited the General Assembly to enact a broad transfer statute. *Norton v. Everhart*, 895 S.W.2d at 320.

Apparently in response to this Court's invitation, the General Assembly enacted Tenn. Code Ann. § 16-1-116 in 2000.[6] *See Hawkins v. Tenn. Dep't of Correction*, 127 S.W.3d at 766. This transfer statute provides:

> Notwithstanding any other provision of law or rule of court to the contrary, when an original civil action, an appeal from the judgment of a court of general sessions, or a petition for review of a final decision in a contested case under the Uniform Administrative Procedures Act, compiled in title 4, chapter 5, is filed in a state or county court of record or a general sessions court and such court determines that it lacks jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such

---

[6] Act of May 15, 2000, ch. 794, 2000 Tenn. Pub. Acts 2271.

-4-

> court in which the action or appeal could have been brought at the time it was originally filed. Upon such a transfer, the action or appeal shall proceed as if it had been originally filed in the court to which it is transferred on the date upon which it was actually filed in the court from which it was transferred.

Tenn. Code Ann. § 16-1-116. Mr. Carter argues that Tenn. Code Ann. § 16-1-116 authorizes transfer of a habeas corpus petition to the proper post-conviction forum. The State responds that Tenn. Code Ann. § 16-1-116 does not provide authority for a transfer because neither a habeas corpus nor a post-conviction proceeding may be fairly characterized as an "original civil action."

The issue presented for review requires statutory construction. We review issues of statutory construction de novo with no presumption of correctness attaching to the rulings of the court below. *State v. Edmondson*, 231 S.W.3d 925, 927 (Tenn. 2007). The most basic principle of statutory construction is to ascertain and give effect to legislative intent without broadening the statute beyond its intended scope. *State v. Sherman*, 266 S.W.3d 395, 401 (Tenn. 2008). When statutory language is clear and unambiguous, we must apply its plain meaning in its normal and accepted use, without a forced interpretation that would extend the meaning of the language and, in that instance, we enforce the language without reference to the broader statutory intent, legislative history, or other sources. *Overstreet v. TRW Commercial Steering Div.*, 256 S.W.3d 626, 630 (Tenn. 2008). Statutes relating to the same subject or having a common purpose should be construed together. *Lawrence County Educ. Ass'n v. Lawrence County Bd. of Educ.*, 244 S.W.3d 302, 309 (Tenn. 2007). We must presume that the General Assembly is aware of prior enactments and of decisions of the courts when enacting legislation. *Ki v. State*, 78 S.W.3d 876, 879 (Tenn. 2002).

Although the petitioner in *Norton v. Everhart* filed a habeas corpus petition, this Court agreed with the Court of Criminal Appeals that the petition should be treated as a civil action. The issue in *Norton*, therefore, concerned transferring a civil action. As such, the General Assembly's presumed awareness of *Norton* provides no support for Mr. Carter's argument that Tenn. Code Ann. § 16-1-116 should be construed to apply to transfer of habeas corpus or post-conviction proceedings.

Tenn. Code Ann. § 16-1-116 permits transferring an "original civil action" only when the court in which it was filed "determines that it lacks jurisdiction." In this case, the Criminal Court for Davidson County had jurisdiction over the habeas corpus action. Therefore, Tenn. Code Ann. § 16-1-116, on its face, does not authorize transfer of the habeas corpus petition to the Circuit Court for Maury County for that court to treat the petition as a post-conviction petition under Tenn. Code Ann. § 40-30-105(c). *Cf. Benson v. Herbst*, 240 S.W.3d 235, 238 n.4 (Tenn. Ct. App. 2007) (noting that the general sessions court having jurisdiction to award damages requested would not have been able to transfer the case to circuit court under Tenn. Code Ann. § 16-1-116). In this case, the Criminal Court for Davidson County lacked jurisdiction over a post-conviction action. Therefore, assuming Mr. Carter's habeas corpus petition may be properly treated as a petition seeking post-

conviction relief,[7] we must determine whether a post-conviction action is an "original civil action" for the purpose of Tenn. Code Ann. § 16-1-116.

This Court has held that a post-conviction proceeding is criminal in nature for the purpose of Tenn. R. App. P. 4(a). *State v. Scales*, 767 S.W.2d 157, 158 (Tenn. 1989) (waiving notice of appeal in interest of justice). On the other hand, we have held that a post-conviction petition should be considered as civil in nature for the purpose of tolling the statute of limitations. *Watkins v. State*, 903 S.W.2d 302, 305 (Tenn. 1995) (applying general saving statute, Tenn. Code Ann. § 28-1-106) (application of Tenn. Code Ann. § 28-1-106 superseded by statute in Tenn. Code Ann. § 40-30-102(a) (2006)). As we recently observed, however, a proceeding that is "civil in nature" is not necessarily a "civil action." *State v. Harrison*, 270 S.W.3d 21, 35 n.11 (Tenn. 2008) (concluding that competency hearing is not civil action for purpose of Tenn. R. Civ. P. 1).

Post-conviction proceedings are best described as proceedings arising out of a criminal case. *See* Tenn. Code Ann. § 16-5-108(a)(2) (1994) (defining jurisdiction of Court of Criminal Appeals as including habeas corpus and post-conviction proceedings and "other cases or proceedings instituted with reference to or arising out of a criminal case"). Post-conviction proceedings are not considered civil actions for the purpose of the jurisdiction of the Court of Appeals. *See* Tenn. Code Ann. § 16-4-108(a)(1) (1994). We must presume that the General Assembly was aware of these statutes when enacting Tenn. Code Ann. § 16-1-116. The General Assembly could have included post-conviction actions within the scope of Tenn. Code Ann. § 16-1-116 by referring to these actions by name. Instead, the General Assembly used the unambiguous term "original civil action." We derive legislative intent from the plain and ordinary meaning of this statutory language. Applying the aforementioned principles of statutory construction, we conclude that "original civil action" does not include a post-conviction action. Therefore, Tenn. Code Ann. § 16-1-116 does not authorize transfer of Mr. Carter's petition, even if it were treated as a post-conviction action.

Having determined that Tenn. Code Ann. § 16-1-116 does not authorize a transfer in this situation, we lastly decide whether to fashion a remedy. *See Norton v. Everhart*, 895 S.W.2d at 322 (applying Tenn. R. App. P. 36(a) to suspend statute of limitations for filing a petition for a common-

---

[7]Mr. Carter does not allege in his petition that he was unaware that his agreed sentence was outside of the range. The face of the judgment makes clear that he agreed to be sentenced outside of the range. The alleged illegality of the sentence is the only factual basis stated for his claim that his guilty plea was not knowingly and voluntarily entered. As we stated above, the trial court correctly determined that the agreed sentence is legal. Therefore, this factual basis may no longer be considered. Under the Post-Conviction Procedure Act, "[f]ailure to state a factual basis for the grounds alleged shall result in immediate dismissal of the petition." Tenn. Code Ann. § 40-30-106(d) (2006). Since Mr. Carter's petition would now be subject to immediate dismissal, treating it as a post-conviction petition would appear to be futile. When a petition is filed pro se, the trial court has the discretion to allow the petitioner to file an amended petition to avoid dismissal. *See* Tenn. Code Ann. § 40-30-106(d) (providing that "the judge may enter an order stating that the petitioner must file an amended petition that complies with this section within fifteen (15) days or the petition will be dismissed"). The issue in this case, however, is whether Tenn. Code Ann. § 16-1-116 authorizes a transfer. In making that determination, we must treat Mr. Carter's petition as it was filed, not as it could be amended. Notwithstanding our concerns about the futility of any potential transfer in this case, we will address the issue in the interest of resolving the conflict among panels of the intermediate court.

law writ of certiorari). After the trial court promptly denied his habeas corpus petition, Mr. Carter had almost three months in which to file a post-conviction petition before the one-year statute of limitations expired. *See* Tenn. Code Ann. § 40-30-102(a). To ensure review of any additional ground for relief that might render his conviction merely voidable, as opposed to void, Mr. Carter could have presented his illegal sentence claim in a post-conviction petition. *See Summers v. State*, 212 S.W.3d 251, 256 n.3 (Tenn. 2007) (noting that void or illegal sentence may be challenged collaterally in post-conviction proceeding when the statutory requirements are met, including the one-year limitations period). Because Mr. Carter is not without fault in failing to avoid the situation, we decline to invoke our authority under Rule 36(a).

## III.

We have concluded that the Court of Criminal Appeals correctly determined that the trial court did not err by denying Mr. Carter's petition for a writ of habeas corpus. We have also concluded that the Court of Criminal Appeals correctly determined that Tenn. Code Ann. § 16-1-116 does not authorize transfer of Mr. Carter's habeas corpus petition to another county for consideration as a post-conviction proceeding. Accordingly, we affirm the judgment of the Court of Criminal Appeals. It appearing that Mr. Carter is indigent, we tax the costs of this appeal to the State of Tennessee.

_____
WILLIAM C. KOCH, JR., JUSTICE