IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs at Knoxville June 25, 2019

**STATE OF TENNESSEE v. DANA RAY DAVISON**

**Appeal from the Circuit Court for McNairy County**
**No. 3655A    J. Weber McCraw, Judge**

_____

**No. W2018-00968-CCA-R3-CD**

_____

A McNairy County Circuit Court Jury convicted the Appellant, Dana Ray Davison, of attempted voluntary manslaughter; employing a firearm during the attempt to commit a dangerous felony; employing a firearm during the attempt to commit a dangerous felony while having a prior felony conviction; aggravated assault with a deadly weapon; felony reckless endangerment; possession of a firearm after having been convicted of a felony drug offense; criminal trespass of a habitation; and the intentional killing of an animal. After a sentencing hearing, the trial court merged the two convictions of employing a firearm during the attempt to commit a dangerous felony and ordered that the Appellant serve a total effective twenty-year sentence for all of the convictions.  Pursuant to Tennessee Code Annotated section 39-17-1324(h)(2), the twenty-year sentence included a mandatory ten-year sentence to be served at one hundred percent for employing a firearm during the attempt to commit a dangerous felony while having a prior felony conviction.  On appeal, the Appellant contends that the sentencing provisions of Tennessee Code Annotated section 39-17-1324 violate the principles of due process because they lack definiteness and specificity.  The State contends that the trial court erred by not sentencing the Appellant for both convictions of employing a firearm during the attempt to commit a dangerous felony before merging the convictions.  Based upon the record and the parties' briefs, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., and J. ROSS DYER, JJ., joined.

Matthew C. Edwards (on appeal), Bolivar, Tennessee, and Bryan J. Petty (at trial), Selmer, Tennessee, for the appellant, Dana Ray Davison.

Herbert H. Slatery III, Attorney General and Reporter; Ronald L. Coleman, Assistant Attorney General; Mark Edward Davidson, District Attorney General; and Lisa Miller

and Falen Chandler, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

## I. Factual Background

This case relates to the Appellant and his codefendant, Billy Jake Lane, forcing their way into the home of Eric Tafoya and shooting Tafoya in the early morning hours of January 1, 2017. In June 2017, the McNairy County Grand Jury indicted the Appellant and Lane with attempted first degree premeditated murder of the victim in count one; employing a firearm during the commission of or the attempt to commit a dangerous felony in count two; aggravated assault of the victim by using a deadly weapon in count four; especially aggravated burglary in count five; felony reckless endangerment in count six; especially aggravated kidnapping of the victim's then-girlfriend, Jeannie West, in count seven; and the intentional killing of an animal in count eight. In addition, the grand jury indicted the Appellant for employing a firearm during the commission of or the attempt to commit a dangerous felony while having a prior felony conviction in count three[1] and possession of a firearm after having been convicted of a felony drug offense in count nine. The Appellant and Lane were tried jointly.

The proof at trial showed that West grew up with the Appellant and that they had an off-and-on romantic relationship. Codefendant Lane was married to West's first cousin. West also had an off-and-on romantic relationship with the victim and was dating him in 2016. However, they "broke up" that summer because the victim was mentally abusive, and West resumed her relationship with the Appellant. West and the Appellant broke up around Thanksgiving, and West resumed her relationship with the victim and moved in with him.

About midnight on January 8, 2017, the victim and West were asleep in a bedroom of the victim's mobile home when the victim was awakened by a noise at the front door. The victim went to the door, cracked it open, and saw two men wearing masks. The men kicked in the door. One of the men was holding a twelve-gauge shotgun and shot the victim in the stomach. The victim struggled with the men, and the man with the shotgun hit the victim's face with the butt of the gun while the second man punched and kicked the victim. At some point, the men took off their masks, and the victim saw that the man with the gun was the Appellant and that the second man was Lane. The victim had seen the Appellant and Lane previously and recognized the Appellant as West's ex-boyfriend.

---

[1] Counts two and three specified that the "dangerous felony" was attempted first degree murder. See Tenn. Code Ann. § 39-17-1324(i)(1)(A).

During the melee, the Appellant shot and killed the victim's dog, a pitbull named Kane. West, who had been awakened by the first gunshot, got out of bed, went into the living room, and saw Lane beating the victim. The victim tried to escape by going toward the back of the mobile home, but the Appellant shot him in the shoulder and in back of the head. After the victim was shot, he sat on the floor. The Appellant put the gun under the victim's chin, and the victim begged for his life. The Appellant and Lane said they had come to get West, and West left with them because she was afraid for the victim's safety. West ended up in Mississippi with the Appellant and telephoned the police two days after the shooting.

During the State's proof, the parties stipulated that the Appellant had a prior conviction of initiating the manufacture of methamphetamine, a Class B felony, and the State introduced a certified copy of the judgment of conviction into evidence. The Appellant did not present any proof, and the jury found him guilty of attempted voluntary manslaughter, a Class D felony, in count one; guilty of employing a firearm during the attempt to commit a dangerous felony in count two; guilty of aggravated assault with a deadly weapon in count four; guilty of criminal trespass of a habitation in count five; guilty of reckless endangerment in count six; not guilty of especially aggravated kidnapping in count seven; guilty of the intentional killing of an animal in count eight; and guilty of possessing a firearm after having been convicted of a felony drug offense in count nine.[2] At sentencing, the trial court stated that the jury "came back and found that employment of a firearm during the commission of a dangerous felony was while Mr. Davison had a prior conviction."[3]

During the Appellant's sentencing hearing, the trial court found that the Appellant's conviction of employing a firearm during the attempt to commit a dangerous felony in count two would merge into his conviction of employing a firearm during the attempt to commit a dangerous felony while having a prior felony conviction in count three. The State acknowledged that the Appellant's sentence in count two was "moot" and advised the trial court that his sentence in count three "is a ten year sentence minimum with 100 percent service" as required by "a part" of Tennessee Code Annotated section 39-17-1324. Defense counsel argued that the sentence in count three "[p]otentially . . . would be ten years at 30 percent." Defense counsel also argued that the trial court could impose an alternative sentence such as a fine or restitution in lieu of

[2] The jury convicted Lane of three misdemeanors: reckless endangerment in counts one and four and aggravated criminal trespass in count five.

[3] We note that the trial court's oral instructions to the jury, the parties' closing arguments, the jury's verdicts, and the bifurcated hearing that the trial court was required to hold pursuant to Tennessee Code Annotated section 39-17-1324(f) for the jury's determination of the Appellant's having a prior felony conviction have not been included in the appellate record.

confinement under Tennessee Code Annotated section 40-35-104(c)(1) and (2) because Tennessee Code Annotated section 39-17-1324(e)(2) did not specifically prohibit sentencing under section 40-35-104. The State responded as follows:

> Your Honor, if you look at 39-17-1324, he was found guilty under subsection (b) employment during the attempt to commit a dangerous felony and if you look at section [(h)](2) it says "a violation of subsection (b) is a C felony punishable by a mandatory minimum ten year sentence to the Department of Correction". [It] doesn't say [probatable]. It says to the Department of Correction and, of course, it goes on to say "if the defendant at the time had a prior felony conviction" which was submitted to the Court and found guilty on by the jury and even specifically the dangerous felony as the attempt to commit the voluntary manslaughter.

Defense counsel countered that if the legislature had intended for a defendant to serve the sentence in the Department of Correction at one hundred percent, the legislature "would have enumerated it" as the legislature did in Tennessee Code Annotated section 39-17-1324(j).

The trial court agreed with the State, merged count two into count three, and sentenced the Appellant as a Range I, standard offender as follows: four years for attempted voluntary manslaughter, a Class D felony, in count one; ten years to be served at one hundred percent for employing a firearm during the attempt to commit a dangerous felony while having a prior felony conviction, a Class C felony, in count three; six years for aggravated assault with a deadly weapon, a Class C felony, in count four; eleven months, twenty-nine days for criminal trespass of a habitation, a Class A misdemeanor, in count five; six years for reckless endangerment, a Class C felony, in count six; eleven months, twenty-nine days for the intentional killing of an animal, a Class A misdemeanor, in count eight; and four years for possession of a firearm by a convicted felon, a Class D felony, in count nine. The trial court ordered that the Appellant serve the sentences in counts one, four, five, six, and eight concurrently for an effective sentence of six years. The trial court ordered that he serve the effective six-year sentence, the ten-year sentence in count three, and the four-year sentence in count nine consecutively for a total effective sentence of twenty years in confinement.

## II. Analysis

### A. Due Process

- 4 -

On appeal, the Appellant contends that the sentencing provisions of Tennessee Code Annotated section 39-17-1324, when considered in conjunction with other sentencing statutes, violate the principles of due process because they lack definiteness and specificity. He also contends that because Tennessee Code Annotated section 39-17-1324 does not specifically prohibit a defendant from being sentenced under Tennessee Code Annotated section 40-35-104, he was eligible for a sentencing alternative, or a combination of sentencing alternatives, other than serving a mandatory ten-year sentence at one hundred percent. The State argues that the Appellant has waived this issue because he failed to raise it in the trial court. The State also argues that we should not review the issue for plain error because the Appellant did not specifically request that we do so and that, in any event, plain error relief is not warranted because the sentencing provisions of Tennessee Code Annotated section 39-17-1324 are not unconstitutionally vague. We agree with the State that the Appellant has waived the issue and that he is not entitled to plain error relief.

As to the State's waiver argument, the Appellant failed to raise the constitutionality of the statute in a pretrial motion and failed to file a motion for new trial. See Tenn. R. Crim. P. 12(b)(2)(B) (providing that a motion alleging a defect in the indictment, presentment, or information must be filed before trial but that the trial court may hear a claim alleging lack of jurisdiction in the court any time); Tenn. R. App. P. 3(e) (providing that the failure to raise an issue, other than sufficiency of the evidence or sentencing, in a motion for a new trial waives that issue for purposes of appellate review). Moreover, "[t]he obligation to preserve issues for appellate review applies to constitutional issues and issues of "'any other sort.'" State v. Minor, 546 S.W.3d 59, 65 (Tenn. 2018) (quoting United States v. Olano, 507 U.S. 725, 731 (1993)). As our supreme court has explained, "Appellate review preservation requirements ensure that the defense and the prosecution are afforded an opportunity to develop fully their opposing positions on an issue, and such requirements also enable a trial court to avoid or rectify an error before a judgment becomes final." Id. (citing Puckett v. United States, 566 U.S. 129, 134 (2009); State v. Bishop, 431 S.W.3d 22, 43 (Tenn. 2014); State v. Jordan, 325 S.W.3d 1, 57-58 (Tenn. 2010)); see Tenn. R. App. P. 36(a). Therefore, we agree with the State that the Appellant has waived his constitutional challenge to Tennessee Code Annotated section 39-17-1324.

We also agree that he is not entitled to plain error relief. In order to obtain relief as plain error, the following criteria must be satisfied:

> (1) the record clearly establishes what occurred in the trial court, (2) a clear and unequivocal rule of law was breached, (3) a substantial right of the accused was adversely affected, (4) the issue was not waived for tactical reasons, and (5)

consideration of the error is necessary to do substantial justice.

Id.

In reviewing issues of statutory construction, we conduct a de novo review of the trial court's rulings without any presumption of correctness. See Carter v. Bell, 279 S.W.3d 560, 564 (Tenn. 2009). "When statutory language is clear and unambiguous, we must apply its plain meaning in its normal and accepted use . . . without reference to the broader statutory intent, legislative history, or other sources." Id. Our goal is to "ascertain and give effect to [the] legislative intent without broadening the statute beyond its intended scope." Id. Additionally, "[w]e must presume that the General Assembly is aware of prior enactments and decisions of the courts when enacting legislation." Id. Moreover, we presume that the legislature says what it means and means what it says. State v. Marise, 197 S.W.3d 762, 766 (Tenn. 2006).

Tennessee Code Annotated section 39-17-1324 sets out offenses and sentencing for "Armed Dangerous Felonies." Relevant to this case, Tennessee Code Annotated section 39-17-1324(b)(2) provides that it is an offense to employ a firearm during the attempt to commit a dangerous felony. Voluntary manslaughter is a dangerous felony. Tenn. Code Ann. § 39-17-1324(i)(1)(C). Tennessee Code Annotated section 39-17-1324(h)(1) provides that ordinarily, "[a] violation of subsection (b) is a Class C felony, punishable by a mandatory minimum six-year sentence to the department of correction." However, if the defendant has a prior felony conviction at the time of the offense, "[a] violation of subsection (b) is a Class C felony, punishable by a mandatory minimum ten-year sentence to the department of correction[.]" Tenn. Code Ann. § 39-17-1324(h)(2). The defendant must serve the sentence imposed for a violation of subsection (b) consecutive to the sentence imposed for the underlying dangerous felony. Tenn. Code Ann. 39-17-1324(e)(1). Furthermore, Tennessee Code Annotated section 39-17-1324(e)(2) provides,

> A person sentenced for a violation of subsection . . . (b) shall not be eligible for pretrial diversion pursuant to title 40, chapter 15, judicial diversion pursuant to § 40-35-313, probation pursuant to § 40-35-303, community correction pursuant to title 40, chapter 36, participation in a drug court program or any other program whereby the person is permitted supervised or unsupervised release into the community prior to service of the entire mandatory minimum sentence imposed less allowable sentence credits earned and retained as provided in § 40-35-501(j).

At sentencing, the Appellant argued that the trial court could grant him an alternative sentence for his conviction of employing a firearm during the attempt to commit a dangerous felony while having a prior felony conviction because Tennessee Code Annotated section 39-17-1324(e)(2) "does not list [Tennessee Code Annotated section] 40-35-104 at all." On appeal, he urges this court to rule that Tennessee Code Annotated section 39-17-1324, "or parts thereof, are 'void for vagueness'" due to "the lack of specificity and clarity of the legislature's intent in its construction of [Tennessee Code Annotated section] 39-17-1324(e)(2)." In support of his claim that Tennessee Code Annotated section 39-17-1324(e)(2) is vague, he cites Tennessee Code Annotated section 39-17-1324(j), which provides that "[a]ny person convicted under this section who has a prior conviction under this section shall be sentenced to incarceration with the department of correction for not less than fifteen (15) years. A person sentenced under this subsection (j) shall serve one hundred percent (100%) of the sentence imposed." According to the Appellant, subsection (j), unlike subsection (e)(2), is "definite and clear, and lack[s] ambiguity."

We do not think that the language of the Tennessee Code Annotated section 39-17-1324(e)(2) is vague. While subsection (e)(2) does not specifically prohibit sentencing under Tennessee Code Annotated section 40-35-104, which enumerates alternative sentences, it specifically prohibits granting probation, community corrections, or participation in a drug court program "or any other program whereby the person is permitted supervised or unsupervised release into the community prior to service of the entire mandatory minimum sentence imposed." When a defendant is convicted of employing a firearm during the attempt to commit a dangerous felony and has a prior felony conviction, as in this case, Tennessee Code Annotated section 39-17-1324(h)(2) provides that the mandatory minimum sentence is ten years. Moreover, under the plain language of subsections (e)(2) and (h)(2), the defendant is statutorily ineligible for a sentence alternative to confinement. Here, the trial court sentenced the Appellant to ten years to be served at one hundred percent, which was mandated by statute. Accordingly, a clear and unequivocal rule of law was not breached, a substantial right of the Appellant was not adversely affected, and consideration of the error is not necessary to do substantial justice. In sum, the Appellant is not entitled to plain error relief.

## B. Sentencing Before Merger

The State contends that we should remand this case to the trial court in order for the court to impose a sentence for count two, employing a firearm during the attempt to commit a dangerous felony, which the trial court merged with count three, employing a firearm during the attempt to commit a dangerous felony while having a prior felony conviction. In support of its argument, the State cites State v. Berry, 503 S.W.3d 360,

364 (Tenn. 2015) (order), in which our supreme court concluded that when two jury verdicts are merged into a single conviction, the trial court should enter a judgment of conviction for each count that reflects the jury's verdict and the sentence imposed by the trial court. The Appellant has not responded to the State's argument. Nevertheless, we disagree with the State.

Although the grand jury indicted the Appellant for employing a firearm during the attempt to commit a dangerous felony in counts two and three pursuant to Tennessee Code Annotated section 39-17-1324(b)(2), count three added language that the Appellant had a prior conviction for initiating the manufacture of methamphetamine. Tennessee Code Annotated section 39-17-1324(f) provides,

> In a trial for a violation of subsection . . . (b), where the state is also seeking to have the person sentenced under subdivision . . . (h)(2), the trier of fact shall first determine whether the person possessed or employed a firearm or antique firearm. If the trier of fact finds in the affirmative, proof of a qualifying prior felony conviction pursuant to this section shall then be presented to the trier of fact.

As stated previously, if the jury finds that the defendant had a prior conviction at the time of the offense, then the trial court is required to enhance the defendant's sentence from a Class C felony punishable by a mandatory minimum six-year sentence in the department of correction to a Class C felony punishable by a mandatory minimum ten-year sentence in the department of correction. Tenn. Code Ann. § 39-17-1324(h)(1), (2). Proof of the prior conviction, though, is not an element of the offense. State v. Martin Boyce, No. W2012-00887-CCA-R3-CD, 2013 WL 4027244, at *15 (Tenn. Crim. App. at Jackson, Aug. 6, 2013). Instead, "the statute provides that a jury's determination of a prior qualifying conviction is for purposes of sentencing." Id.; see State v. Larry Allen Stumbo, No. E2017-01405-CCA-R3-CD, 2018 WL 3530844, at *11 (Tenn. Crim. App. at Knoxville, July 23, 2018); State v. Cortney R. Logan, No. M2014-01687-CCA-R3-CD, 2015 WL 5883187, at *17 (Tenn. Crim. App. at Nashville, Oct. 8, 2015). Accordingly, the trial court properly merged counts two and three and imposed an enhanced sentence for employing a firearm during the attempt to commit a dangerous felony.

### III. Conclusion

Based upon the record and the parties' briefs, we affirm the judgments of the trial court.

_____

NORMA MCGEE OGLE, JUDGE