
# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
March 21, 2017 Session at Lincoln Memorial University[1]

## STATE OF TENNESSEE v. THOMAS R. DAVIS

### Appeal from the Criminal Court for Knox County
### No. 103484   G. Scott Green, Judge

_____

### No. E2016-01622-CCA-R3-CD

_____

A Knox County jury convicted the Defendant, Thomas R. Davis, of simple possession of a controlled substance; simple possession of a controlled substance, third offense; and misdemeanor evading arrest. Following a sentencing hearing, the trial court sentenced the Defendant to eleven months and twenty-nine days each for simple possession of a controlled substance and evading arrest and one year for simple possession of a controlled substance, third offense. The trial court merged the drug convictions and ordered the Defendant to serve his sentences concurrently, for an effective sentence of one year. On appeal, the Defendant contends that due to an amendment to Tennessee Code Annotated section 39-17-418(e) that went into effect prior to the sentencing hearing, he did not qualify for enhanced punishment for simple possession of a controlled substance based on prior convictions. We conclude that the amendment to Tennessee Code Annotated section 39-17-418(e) controls and that, as a result, the Defendant did not qualify for enhancement punishment for his simple possession conviction based on his prior convictions. Accordingly, the judgments of the trial court are reversed in part and affirmed in part. The Defendant's conviction for simple possession of a controlled substance as a Class E felony as reflected in the judgment for count 12 is dismissed, and the case is remanded to the trial court for entry of a corrected judgment reflecting the $2,500 fine imposed by the jury in count 11 and for further proceedings in accordance with this opinion.

### Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed in Part, Reversed in Part, and Remanded

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which TIMOTHY L. EASTER and J. ROSS DYER, JJ., joined.

_____

[1] Oral argument was heard in this case before law students at Lincoln Memorial University's Duncan School of Law.

Keith Lowe, Knoxville, Tennessee, for the appellant, Thomas R. Davis.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A. Ball, Senior Counsel; Charme P. Allen, District Attorney General; and Ta Kisha Fitzgerald, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## FACTUAL AND PROCEDURAL HISTORY

The Defendant was indicted on three counts of unlawful possession of a firearm; one count of aggravated burglary; one count of employing a firearm during the commission of a dangerous felony; one count of employing a firearm during the commission of a dangerous felony after having been convicted of a dangerous felony; four counts of aggravated assault; one count of simple possession of a controlled substance; one count of simple possession of a controlled substance, third offense; and one count of misdemeanor evading arrest. Although the transcript of the trial is not included in the appellate record, the indictment alleged that the offenses occurred on March 11, 2014, and that the controlled substance was marijuana. The trial court later dismissed the three counts of unlawful possession of a firearm based upon the State's motion.

A jury convicted the Defendant of simple possession of a controlled substance and misdemeanor evading arrest and acquitted him of the remaining charges. Following a bifurcated hearing, the jury found that the Defendant had two prior convictions for possession of a controlled substance and convicted him of simple possession of a controlled substance, third offense.

At the time of the offenses, Tennessee Code Annotated section 39-17-418 provided that "[i]t is an offense for a person to knowingly possess or casually exchange a controlled substance" and that such a violation was a Class A misdemeanor. T.C.A. § 39-17-418(a), (c) (2010). Where the defendant had two or more prior convictions under section 39-17-418, the offense was a Class E felony. *Id.* § 39-17-418(e) (2010). Section 39-17-418(e) was amended effective July 1, 2016, to provide that "[a] violation of this section is a Class E felony where the person has two (2) or more prior convictions under this section and the current violation involves a Schedule I controlled substance classified as heroin." 2016 Tenn. Pub. Acts, c. 876, § 12.

During the sentencing hearing on July 8, 2016, the Defendant asserted that the recent amendment to section 39-17-418(e) applied and that, as a result, his conviction for

simple possession of a controlled substance, which involved marijuana, no longer qualified as a Class E felony but instead was a Class A misdemeanor. The State responded that the amendment modified the elements of simple possession of a controlled substance, third offense and did not provide for a lesser penalty for commission of simple possession of a controlled substance, third offense. The State maintained that as a result, the statute in effect at the time of the commission of the offense controlled. The trial court agreed with the State and found that the amendment redefined the elements of simple possession of a controlled substance, third offense and did not provide for a lesser penalty for the offense. Accordingly, the trial court found that the Defendant was subject to the statute in effect at the time of the offense.

The trial court sentenced the Defendant to eleven months and twenty-nine days each for the simple possession and evading arrest convictions and to one year for simple possession of a controlled substance, third offense. The trial court merged the conviction of simple possession of a controlled substance into the conviction for simple possession of a controlled substance, third offense. The trial court ordered the Defendant to serve his sentence for simple possession of a controlled substance, third offense concurrently with his sentence for evading arrest but consecutively to his sentences for his convictions in a separate case.[2] The trial court ordered the Defendant released on time served. The Defendant subsequently filed a notice of appeal.

## ANALYSIS

The Defendant contends that the 2016 amendment to Tennessee Code Annotated section 39-17-418(e) applies to his case and that as a result, his conviction for possession of a controlled substance did not qualify as a Class E felony. The Defendant did not file a motion for new trial in relation to his convictions. Tennessee Rule of Criminal Procedure 33(b) provides that a motion for new trial must be filed within thirty days of the entry of judgment. "[T]his thirty-day period is jurisdictional and cannot be expanded." *State v. Hatcher*, 310 S.W.3d 788, 799-800 (Tenn. 2010) (citations omitted). The failure to timely file a motion for new trial results in the waiver of all issues except for sufficiency of the evidence and sentencing. *State v. Bough*, 152 S.W.3d 453, 460 (Tenn. 2004); *see* Tenn. R. App. P. 3(e) (stating that "no issue presented for review shall be predicated upon error in the admission or exclusion of evidence ... unless the same was specifically stated in a motion for a new trial"). Because the issue raised by the Defendant relates to sentencing, he did not waive the issue by failing to file a motion for

---

[2] The Defendant's other convictions in case number 102793 were for public intoxication and possession of a controlled substance, third offense. During the July 8, 2016 sentencing hearing, the trial court sentenced the Defendant to thirty days for public intoxication and one year for possession of a controlled substance, third offense. The Defendant does not challenge these convictions or sentences in this appeal.

new trial. Furthermore, the Defendant filed a timely notice of appeal within thirty days of entry of the judgments. *See* Tenn. R. App. P. 4(a).

In contending that the recent amendment in section 39-17-418(e) applies, the Defendant relies on Tennessee Code Annotated section 39-11-112, which provides in pertinent part:

> When a penal statute or penal legislative act of the state is repealed or amended by a subsequent legislative act, the offense, as defined by the statute or act being repealed or amended, committed while the statute or act was in full force and effect shall be prosecuted under the act or statute in effect at the time of the commission of the offense…. [I]n the event the subsequent act provides for a lesser penalty, any punishment imposed shall be in accordance with the subsequent act.

Generally, a statute is "presumed to operate prospectively, unless the legislature indicates a specific intention otherwise." *State v. Cauthern*, 967 S.W.2d 726, 735 (Tenn. 1998). An exception applies "in the event the subsequent act provides for a lesser penalty." T.C.A. § 39-11-112. Accordingly, we must determine whether the amendment to section 39-17-418(e) redefines simple possession of a controlled substance, third offense, as a criminal offense, as argued by the State, or whether the amendment alters the provisions related to enhanced punishment for those defendants who have been convicted of simple possession of a controlled substance and have two prior convictions for the offense, as maintained by the Defendant.

Because statutory construction is a question of law, our review is de novo with no presumption of correctness attached to the trial court's ruling. *See Baker v. State*, 417 S.W.3d 428, 433 (Tenn. 2013). "The paramount rule of statutory construction is to ascertain and give effect to legislative intent without broadening the statute beyond its intended scope." *Id*. (citing *Carter v. Bell*, 279 S.W.3d 560, 564 (Tenn. 2009)). This court "'must always begin with the words that the General Assembly has chosen' and 'give these words their natural and ordinary meaning.'" *Id.* (quoting *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 526 (Tenn. 2010)). "When statutory language is clear and unambiguous, we must apply its plain meaning in its normal and accepted use, without forced interpretation that would extend the meaning of the language." *Carter*, 279 S.W.3d at 564 (citing *Overstreet v. TRW Commercial Steering Div.*, 256 S.W.3d 626, 630 (Tenn. 2008)). "Statutes should be construed in a reasonable manner which avoids statutory conflict and provides for harmonious operation of the laws." *Baker*, 417 S.W.3d at 433 (quotations omitted).

The statutes setting forth the offense of driving under the influence of an intoxicant (DUI) also include provisions for those who have previously been convicted of DUI. *See* T.C.A. § 55-10-402 (Supp. 2016). If a defendant is convicted of his or her fourth or fifth DUI conviction, the conviction is elevated to a Class E felony. *See id.* § 55-10-402(a)(4) (Supp. 2016). Our supreme court has recognized that "[t]he issue of whether a DUI constitutes a subsequent offense does not involve a separate 'charge'" but "simply affects the length of the available sentence." *State v. Nash*, 294 S.W.3d 541, 551 (Tenn. 2009).

Likewise, this court has held that "a DUI, second or subsequent offense, is merely an enhancement of a DUI conviction" and that "'[a] finding that the defendant is a subsequent offender qualifies the offender for enhanced punishment but does not constitute a new offense.'" *State v. Ronnie Lamar Evans*, No. E2000-00327-CCA-R9-CD, 2001 WL 501414, at *2 (Tenn. Crim. App. May 11, 2001) (quoting *State v. William M. Neely*, No. 01C01-9803-CR-00125, 1999 WL 103714, at *1 (Tenn. Crim. App. Mar. 2, 1999) (internal quotations omitted)). This court reasoned that

> "it is clear that new offenses are not created for subsequent offenders but that those found to be subsequent offenders are subject to increased punishment. It is apparent that this increased punishment is analogous to the habitual criminal statutes which our courts have consistently held do not create a new offense but only provide for an enhanced punishment."

*Id.* at *2-3 (quoting *State v. Ward*, 810 S.W.2d 158, 159 (Tenn. Crim. App. 1991)).

We conclude that similar to the DUI statutory provisions subjecting subsequent offenders to enhanced punishment, Tennessee Code Annotated section 39-17-418(e) subjects defendants convicted of simple possession of a controlled substance to enhanced punishment if the conviction is the defendant's third or subsequent offense and that section 39-17-418(e) does not constitute a new criminal offense. The Sentencing Commission Comments to section 39-17-418 provide that "[t]his section creates an enhanced penalty for third and subsequent offenses." Furthermore, this court previously characterized section 39-17-418(e) as providing "enhanced punishment" in analyzing whether the evidence was sufficient to establish that a defendant, who had been convicted of simple possession of a controlled substance, had two prior qualifying convictions. *See State v. Stephen Bartholomew Gillard*, No. M2012-00910-CCA-R3-CD, 2013 WL 1225802, at *3-4 (Tenn. Crim. App. Mar. 27, 2013).

In the present case, simple possession of a controlled substance, third offense was charged in a separate count in the indictment. During a bifurcated trial, the jury found that the evidence establish beyond a reasonable doubt that the Defendant possessed a

controlled substance on the date in question and that he had two prior convictions for simple possession of a controlled substance. These facts and the procedure employed, however, do not support the State's claim that simple possession of a controlled substance, third offense constitutes a separate criminal offense. Rather, Tennessee Code Annotated section 40-35-203(e) mandates these procedures "[i]f the criminal offense for which the defendant is charged carries an enhanced punishment for a second or subsequent violation of the same offense."

Because Tennessee Code Annotated section 39-17-418(e) addresses enhanced punishment, the amendment applies to the Defendant if its application results in a "lesser penalty." *See* T.C.A. § 39-11-112. The Defendant was charged in the indictment with simple possession of marijuana. Because the Defendant's current violation did not involve heroin, he was not subject to enhanced punishment for this conviction as a Class E felony pursuant to the amendment to section 39-17-418(e). Accordingly, the amendment resulted in a "lesser penalty," and the trial court erred in declining to apply the amendment and in sentencing the Defendant to simple possession of a controlled substance as a Class E felony.

Although the Defendant was charged and tried under prior law, section 39-17-418(e) had been amended by the time of the Defendant's sentencing hearing and resulted in a "lesser penalty" for the Defendant. As a result, the amendment applied, and the Defendant was no longer subject to sentencing for the offense of simple possession of a controlled substance as a felony. The trial court erred in holding otherwise.

## CONCLUSION

Accordingly, the judgments of the trial court are reversed in part and affirmed in part. We note that the Defendant was indicted on two counts of simple possession of a controlled substance, one of which was a felony and one of which was a misdemeanor. The judgments reflect that the Defendant was convicted of both offenses and that the trial court sentenced the Defendant on both offenses and merged the misdemeanor conviction into the felony conviction. Because the Defendant does not qualify for a felony conviction for simple possession of a controlled substance pursuant to the amendment in Tennessee Code Annotated section 39-17-418(e), the Defendant's conviction for simple possession of a controlled substance as a Class E felony as reflected in the judgment for count 12 is dismissed, and the Defendant's misdemeanor conviction for simple possession of a controlled substance remains intact. *See State v. Marquize Berry*, 503 S.W.3d 360, 364 (Tenn. 2015) (stating even when two jury verdicts are merged into a single conviction, a uniform judgment document should be completed for each conviction and if the conviction for the greater offense is later overturned, the conviction for the merged offense remains intact); *see also State v. Davidson*, 509 S.W.3d 156, 217 (Tenn.

2016).  The case is remanded to the trial court for entry of a correct judgment reflecting the $2,500 fine imposed by the jury in count 11 and for further proceedings in accordance with this opinion.


_____
JOHN EVERETT WILLIAMS, JUDGE