# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Remanded by Supreme Court on May 22, 2012

## STATE OF TENNESSEE v. SCOTT MCLAIN[1]

**Appeal from the Criminal Court for Washington County**
**No. 37549     Jon Kerry Blackwood, Judge**

---

**No.  E2012-01082-CCA-RM-CD - Filed February 26, 2013**

---

The appellant, Scott McLain, pled guilty to driving under the influence (DUI) and received a sentence of eleven months and twenty-nine days with seven days to be served in confinement.  As a condition of his plea, he reserved certified questions of law concerning the suppression of the results of his blood alcohol test.  This court affirmed the judgment of the trial court; however, our supreme court subsequently remanded to this court for reconsideration in light of State v. Harrison, 270 S.W.3d 21 (Tenn. 2008).  Upon reconsideration, we reverse the judgment of the trial court and remand for dismissal of the indictment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Reversed; Case Remanded.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and D. KELLY THOMAS, JR., J., joined.

Steven Oberman, Sara Compher-Rice, and Ann C. Short, Knoxville, Tennessee, for the appellant, Scott McLain.

Robert E. Cooper, Jr., Attorney General and Reporter; and John H. Bledsoe, Senior Counsel, for the appellee, State of Tennessee.

---

[1]  In the appellant's Rule 11 application for permission to appeal to the supreme court, defense counsel notes that "'McLain' is the correct spelling of [the appellant's] name, and it is the spelling that appears in the charging instrument.  His name is misspelled 'McClain' in the opinion of the Tennessee Court of Criminal Appeals on direct appeal."  Our review of the record reveals that there were two indictments against the appellant, one using the spelling "McClain" and the other using the spelling "McLain." Additionally, both spellings are used in various documents throughout the record.  In this opinion, we will use the spelling "McLain."

# OPINION

## I. Factual Background

In this court's previous opinion, we summarized the proof in this case as follows:

The record reveals that at approximately 11:00 p.m. on March 21, 2003, Edwin N. Graybeal, III, a deputy sheriff with the Washington County Sheriff's office, was dispatched to the scene of a single car accident on East Mountain View Road in Washington County. Upon Deputy Greybeal's arrival, he observed that the appellant's vehicle had collided with a tree. The appellant, the driver of the vehicle, had been removed from the scene and taken by ambulance to Johnson City Medical Center for treatment. Police inventoried the vehicle and discovered, among other items, one unopened beer. Deputy Graybeal detected an odor of alcoholic beverage in the car.

Next, Deputy Graybeal went to Johnson City Medical Center to speak with the appellant. The appellant had been unconscious when he arrived at the hospital, but he had regained consciousness during treatment. While the appellant was unconscious and during the course of his treatment, hospital staff obtained a sample of his blood. When Deputy Graybeal arrived at the hospital, he learned that the appellant was in the emergency room and was "still on the back board" on which he had been transported to the hospital. The appellant told Deputy Graybeal that he had been alone in the vehicle when he "ran off the road." Additionally, the appellant admitted that he had consumed two beers prior to the accident. When the appellant was speaking, Deputy Graybeal detected "a strong odor of intoxicant on his breath, and his eyes were red and glazed." However, Deputy Graybeal noted that the appellant's speech "wasn't abnormal." Deputy Graybeal opined that the appellant was physically unable, due to his injuries, to perform field sobriety tests.

Thereafter, the appellant was indicted for DUI, first offense. See Tenn. Code Ann. § 55-10-401(a) (1998).

-2-

Following the indictment, the State served a subpoena duces tecum on Johnson City Medical Center for the appellant's medical records relating to his treatment on the night of the accident. The records revealed that the appellant's blood alcohol content at the time of the accident had been .276, well over the legal limit of .08. Id. at (a)(2). The State then reindicted the appellant for DUI with a blood alcohol content over .20. Id.; see also Tenn. Code Ann. § 55-10-403(a)(1) (1998).

Subsequently, the appellant filed a motion to suppress the medical records, contending that his right to privacy was violated by the State's subpoena of the medical records, the subpoena amounted to an illegal warrantless search, and the appellant's due process rights were violated by allowing the State to subpoena the records. The trial court denied the appellant's motion, finding that the appellant did not have standing to challenge the subpoena as it was issued to a third party and that the appellant's due process rights were not violated.

Following the trial court's ruling, the appellant entered a guilty plea to DUI, first offense, with a blood alcohol content greater than .20, which offense is a Class A misdemeanor. The appellant received a sentence of eleven months and twenty-nine days. As a condition of his plea, the appellant reserved three certified questions of law:

> [(1)] Whether the trial court erred in denying the [appellant's] motion to suppress the results of a blood test, taken for medical purposes only, on the grounds that the State's use of an *ex parte* subpoena to obtain the records violated the [appellant's] constitutional right to privacy.

> [(2)] Whether the trial court erred in denying the [appellant's] motion to suppress the results of the blood test, taken for medical purposes only, on the grounds that the State's use of an *ex parte* subpoena failed to comply with the statutory

requirements of Tennessee Code Annotated [section] 40-17-123.

[(3)] Whether the trial court erred in denying the [appellant's] motion to suppress the results of the blood test, taken for medical purposes only, on the grounds that allowing the State to obtain such evidence offends the notions of fundamental fairness and substantial justice in that those who are seriously injured in automobile accidents are afforded less protection than those who are not injured.

State v. Scott McClain, No. E2004-01182-CCA-R3-CD, 2005 WL 1384877, at *1-2 (Tenn. Crim. App. at Knoxville, June 13, 2005).

On appeal, this court examined the appellant's first issue and concluded that "the appellant's right to privacy was not violated by the State's issuance of a subpoena duces tecum for the appellant's medical records." Id. at *3. Regarding the issue of standing, this court concluded that "the appellant did not have standing to challenge the issuance of the subpoena." Id. Finally, this court concluded that the appellant waived his claim that allowing the State to obtain his medical records violated "notions of fundamental fairness" by failing to cite to authority. Id.

This court's opinion was filed on June 13, 2005, and the mandate was issued on August 24, 2005. Thereafter, the appellant filed a petition for post-conviction relief. On December 14, 2011, a hearing was held on the petition. On February 14, 2012, the post-conviction court issued an order, finding that when the appellant pled guilty to DUI in 2004, he was represented by trial counsel who was subsequently disbarred in 2008 for "ethical and professional misconduct claims." Although the appellant had reserved and appealed certified questions of law, trial counsel misrepresented the result of the appeal, advising the appellant that his conviction had been dismissed and expunged. At the time the appellant learned his appeal had been unsuccessful, the time for seeking permission to appeal this court's decision had expired. Moreover, the statute of limitations precluded the filing of a petition for post-conviction relief. The direct appeal opinion was issued on June 13, 2005, and no Rule 11 application for permission to appeal was filed with our supreme court.

The post-conviction court concluded that the appellant's due process rights would be violated by a strict application of the post-conviction statute of limitations and that, therefore, the limitations period should be tolled. Moreover, the court found that the appellant was

"deprived of the right" to seek permission to appeal to the supreme court via Rule 11. Accordingly, the post-conviction court granted the appellant a delayed appeal to file a Rule 11 application with our supreme court, staying the appellant's post-conviction proceedings during the pendency of the delayed appeal. The State filed a notice that it would not appeal the post-conviction court's decision.

On March 30, 2012, the appellant filed a Rule 11 application with our supreme court pursuant to Tennessee Supreme Court Rule 28 § 9(D), asking that his case be remanded for reconsideration of his certified questions in light of the court's holding in State v. Harrison, 270 S.W.3d 21 (Tenn. 2008). Our supreme court granted the appellant's application and remanded to this court for reconsideration of whether the appellant had standing to challenge the issuance of the subpoena in light of the ruling in Harrison.

## II.  Analysis

In Harrison, which was filed on October 21, 2008, the defendant was charged with several sexual offenses, and defense counsel requested a forensic psychological examination. A report of the examination revealed that Harrison was competent to stand trial and that an insanity defense could not be supported. Defense counsel obtained funding for Dr. Dennis Wilson, a private clinical psychologist, to provide services for Harrison. Subsequently, Harrison filed a petition to be declared incompetent to stand trial, attaching a report from Dr. Wilson to support that contention. Afterward, the State obtained a judicial subpoena directing Dr. Wilson to produce records related to his evaluation of Harrison. Harrison and Dr. Wilson moved to quash the subpoena, and the motion was denied by the trial court. However, the trial court granted Harrison an interlocutory appeal, and this court concluded that although the State was not authorized under Tennessee Code Annotated section 40-17-123(a) to obtain a judicial subpoena, the State could nevertheless follow a procedure fashioned by the court to obtain the records. See State v. Robert Jonathan Harrison, No. W2006-00483-CCA-R9-CD, 2007 WL 906730, at *3 (Tenn. Crim. App. at Jackson, Mar. 2, 2007). Thereafter, Harrison appealed to our supreme court.

In its opinion, our supreme court stated that this court had failed to address the issue of Harrison's standing to quash the subpoena. Harrison, 270 S.W.3d at 26. The court noted that a number of this court's cases, including the appellant's, had followed the case law established in Sheets v. Hathcock, 528 S.W.2d 47, 51 (Tenn. Crim. App. 1975), which held that "a person cannot challenge a subpoena issued to a third party." Harrison, 270 S.W.3d at 28. However, our supreme court held that rule was "much too broad" and that "[a] person who has a personal right, privilege, or proprietary interest in materials subject to a third-party subpoena has standing to challenge the subpoena." Id. at 28-29. Accordingly, the court

-5-

"expressly overrule[d] Sheets v. Hathcock and its progeny to the extent that they conflict with [the Harrison] holding." Id. at 29.

The only issue raised by the appellant that is affected by Harrison is whether the trial court erroneously denied the appellant's motion to suppress the blood test results because the State failed to comply with the statutory requirements of Tennessee Code Annotated section 40-17-123. As we stated earlier, this court previously concluded that "the appellant did not have standing to challenge the issuance of the subpoena." McClain, No. E2004-01182-CCA-R3-CD, 2005 WL 1384877, at *3. However, the Harrison court held that "[a] person has standing to challenge a subpoena issued to a third party, as long as that person asserts a personal right, privilege, or proprietary interest in the materials being sought by the subpoena." 270 S.W.3d at 29. Based upon Harrison, we must conclude that the appellant clearly has a personal interest in the blood taken from him and the results of testing performed on that blood. Therefore, we conclude that the appellant had standing to challenge the subpoena. Nevertheless, that conclusion does not complete our analysis. The Harrison court cautioned that "concluding that a person has standing to challenge a subpoena issued to a third party does not mean that the party's challenge will ultimately be successful. That decision will ultimately be made based on the substantive merits of the challenge to the subpoena." Id.

At a hearing prior to the guilty pleas, the State acknowledged that a clerk, not a judge, signed the subpoena for the medical records. Therefore, the State maintained that "we should re-subpoena the records according to the statute if it wasn't done correctly the first time." The appellant responded, "If that's what they want to do, that's – that's fine." The trial court said, "All right. General, go ahead, prepare a subpoena duces tecum, proper affidavit; and – and if it states probable cause the court will issue it." However, a second subpoena was never prepared for the trial court's review.

In its brief for the first appeal, the State contended "that the subpoena issued in this case, as well as the underlying affidavit, complies with all of the [statutory] requirements . . ., with the exception that it was signed by a deputy clerk rather than a judge." The appellant essentially agreed but argued that the State's failure to comply with the statutory requirements even after the trial court offered to review, and potentially sign, an affidavit and subpoena duces tecum should result in suppression of the records. We note that other rules explicitly authorize a clerk to sign a subpoena. See Tenn. R. Crim. P. 17(a) (providing that "[a] subpoena shall be issued by a clerk or other authorized court officer"); see also Tenn. R. Crim. P. 4(c)(1)(A) (providing that if an affidavit contains probable cause that an offense has been committed, a magistrate or clerk may issue an arrest warrant); Tenn. R. Crim. P. 3 (providing that an affidavit of complaint may be made before a magistrate or a neutral and detached court clerk). However, Tennessee Code Annotated section 40-17-123(d)(1)

specifically provides that when a law enforcement officer has reason to believe that a criminal offense has been or is being committed and that requiring the production of documents or information is necessary to aid in the investigation and prosecution of the offender(s), the officer shall prepare an affidavit and submit it to a *"judge of a court of record or a general sessions judge"* who may then grant the subpoena in whole or in part. (Emphasis added). We conclude Tennessee Code Annotated section 40-17-123 means that only a judge may issue a subpoena under that statute. See Carter v. Bell, 279 S.W.3d 560, 564 (Tenn. 2009) (stating that "[w]hen statutory language is clear and unambiguous, we must apply its plain meaning in its normal and accepted use . . . without reference to the broader statutory intent, legislative history, or other sources").

Based upon the foregoing, we are compelled to agree with the appellant that, despite ample opportunity to cure the defect, the State failed to comply with the requirements of Tennessee Code Annotated section 40-17-123.

Next, we examine the effect of this error. When a DUI conviction can be supported by evidence independent of inadmissible blood or breath test results, then the admissibility of such test results are not dispositive of the case. State v. Gregory W. Gurley, No. W2001-02253-CCA-R3-CD, 2002 WL 1841754, at *3 (Tenn. Crim. App. at Jackson, Aug. 6, 2002). However, the State dismissed the indictment charging the appellant with DUI and proceeded with an indictment charging the appellant with DUI per se. Generally, in the event of a DUI per se conviction, the admissibility of the blood or breath test evidence determining the percentage of alcohol in the blood is dispositive of the case. Gurley, No. W2001-02253-CCA-R3-CD, 2002 WL 1841754, at *3; see also Cook, No. M2002-02460-CCA-R3-CD, 2004 WL 2827007, at *3 n.2; State v. Terry A. Hawkins, No. M2002-01819-CCA-R3-CD, 2004 WL 735028, at *3 n.1 (Tenn. Crim. App. at Nashville, Apr. 6, 2004). Notably, the trial court stated, and the State agreed, that "if the evidence obtained as a result of that subpoena is suppressed, then [the State] has no case." Therefore, we are constrained to conclude that the subpoena should have been quashed and that the indictment should have been dismissed. See Harrison, 270 S.W.3d at 22.

### III. Conclusion

In sum, we conclude that the subpoena duces tecum was not properly issued. Accordingly, we must remand to the trial court for reversal of the appellant's conviction and dismissal of the indictment.

_____
NORMA McGEE OGLE, JUDGE