IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
January 10, 2017 Session

**DAVID DELGADO ECHEVERIA v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Wilson County**
**No. 09-CR-522      Brody N. Kane, Judge**

_____

**No. M2016-01247-CCA-R3-PC**

_____

Petitioner, David Delgado Echeveria, pled guilty to the possession of 300 grams or more of cocaine with the intent to manufacture, sell, or deliver. Over five years later, he filed a petition for post-conviction relief, asserting that his attorney had failed to advise him of the potential immigration consequences of his plea. The post-conviction court dismissed the petition for failure to file within the statutory limitations period, and Petitioner appeals. We conclude that the petition was filed outside the limitations period and that Petitioner has not shown he is entitled to due process tolling. The judgment of the post-conviction court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, P.J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and ROBERT L. HOLLOWAY, JR., JJ., joined.

Joseph D. Baugh, Franklin, Tennessee, for the appellant, David Delgado Echeveria.

Herbert H. Slatery III, Attorney General and Reporter; Leslie E. Price, Senior Counsel; Tom P. Thompson, Jr., District Attorney General; and Jason Lawson, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Facts*

Petitioner was indicted in Wilson County on February 10, 2009, and was charged with the possession of 300 or more grams of cocaine with intent to manufacture, sell, or deliver; the sale of 26 or more grams of cocaine; the possession of a firearm during the commission of a dangerous felony; the sale of 0.5 or more grams of cocaine; and two counts of the sale of 15 or more grams of heroin. Petitioner entered a guilty plea to the

possession of 300 or more grams of cocaine with the intent to manufacture, sell, or deliver, a Class A felony, on January 11, 2010, and he was sentenced to serve twenty-five years in prison. Under the "Special Conditions" section of the judgment form is a notation: "NOLLE COUNTS 2, 3, 4, 5 & 6."

Petitioner filed a petition for the writ of habeas corpus in Hickman County on June 18, 2015. He alleged as grounds for relief that the trial court lacked jurisdiction due to the composition of the grand jury; that his plea was not knowing and voluntary because the Spanish version of the guilty plea form was not an exact translation of the English version; and that he was not informed of the potential immigration consequences of his plea as required by *Padilla v. Kentucky*, 559 U.S. 356, 374 (2010). Petitioner also asserted his sentence was illegal and sought relief under Tennessee Rule of Criminal Procedure 36.1.

The Hickman County Circuit Court appointed counsel to represent Petitioner on November 23, 2015, and counsel amended the petition for the writ of habeas corpus to include a request to allow Petitioner to proceed with a late-filed post-conviction petition pertaining to his claim that trial counsel did not advise him regarding the immigration consequences of his plea. This request was based on the assertion that when Petitioner pled guilty, the remaining charges against him continued pending until May 6, 2013, when the State entered "Nolle and Expungement Orders." While Petitioner implied that his petition was not timely filed due to "possible attorney misrepresentation" or "due to the fact that [counsel] could not effectively communicate with his client," Petitioner failed to include "full disclosure of the factual basis" of these claims or indeed any detail regarding what the alleged misrepresentation or failure to communicate entailed. *See* T.C.A. § 40-30-106(d).

On February 12, 2016, the Hickman County Circuit Court entered an order finding that the judgment was not void, and the court summarily denied habeas corpus relief. The court, however, made a finding that the petition should properly be considered one for post-conviction relief and ordered the State to file an answer as required by the Post-Conviction Procedure Act. *See* Tenn. Code Ann. § 40-30-108(a). The Hickman County Circuit Court did not address the issue of timeliness; instead, in the order requiring the State to file a response, the court stated that it would "proceed as though a petition for post-conviction relief ha[d] been filed." The State filed a response arguing that, because the petition was in essence a post-conviction petition, it should be transferred to the Wilson County Criminal Court, as the "court in which the conviction occurred." *See* T.C.A. 40-30-104(a). The Hickman County Circuit Court ordered Petitioner to respond to the motion to transfer the case by March 25, 2016.

Instead, on May 16, 2016, Petitioner filed a new petition for post-conviction relief in Wilson County. According to the petition, Petitioner, who was "an undocumented alien," had "very limited" communication with his trial counsel due to his inability to speak English fluently. Petitioner described the Hickman County order as an order "granting permission" to "late-file[]" a post-conviction petition "pursuant to findings on Petitioner's Petition for Habeas Corpus." The petition filed in Wilson County sought relief based on trial counsel's failure to advise Petitioner regarding potential immigration consequences of his plea pursuant to *Padilla*. While the petition contains a section entitled "Right to Delayed Filing," Petitioner presented no facts or arguments related to tolling the statute of limitations but instead primarily addressed whether *Padilla* requires retroactive application. On May 19, 2016, the State moved to dismiss the Wilson County petition for post-conviction relief as untimely.

The post-conviction court of Wilson County dismissed the petition on May 23, 2016, for failure to file within the limitations period. In its order, the post-conviction court found that Petitioner had filed a prior petition for post-conviction relief on June 1, 2010. The post-conviction court found that Petitioner was appointed counsel and presented, among other arguments, the claim that his trial counsel had been ineffective in failing to advise him regarding the immigration consequences of his plea. The post-conviction court noted that after the 2010 post-conviction petition was reset for a hearing numerous times, Petitioner, through counsel, moved to dismiss the petition, and this motion was granted on February 28, 2011. The post-conviction court also found that the order out of Hickman County was not dispositive of the limitations issue. Accordingly, the post-conviction court of Wilson County found that the petition was not timely filed and dismissed the petition. On May 25, 2016, the Hickman County Circuit Court entered an order transferring the matter to Wilson County. The State correctly notes that the Hickman County Circuit Court, which was without jurisdiction over Petitioner's post-conviction claims, could not properly transfer the matter. *Carter v. Bell*, 279 S.W.3d 560, 563-66 (Tenn. 2009); *Cedric Jeffries v. Dotson*, No. W2009-00816-CCA-R3-HC, 2009 WL 4789975, at *3 (Tenn. Crim. App. Dec. 14, 2009) ("[W]e note that the habeas court here did not have jurisdiction over the petitioner's claim if treated as a post-conviction action, and did not have jurisdiction to direct a transfer to the correct court for post-conviction review.").

*Analysis*

Although Petitioner's appeal includes arguments related to the merits of his petition, we observe that, in order to obtain relief, Petitioner must first clear the hurdle of showing that his petition is not time-barred. The State argues that the post-conviction court correctly dismissed the petition as untimely.

- 3 -

A post-conviction petition must be filed within one year of the date on which the judgment becomes final. Tenn. Code Ann. § 40-30-102(a). "The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity," and the limitations period is an element of the right to file for relief. Tenn. Code Ann. § 40-30-102(a). If it "plainly appears from the face of the petition" that it is not timely filed, "the judge shall enter an order dismissing the petition." Tenn. Code Ann. § 40-30-106(a). A court is without jurisdiction to hear a petition filed outside the limitations period except under the following conditions:

> (1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;

> (2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

> (3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

Tenn. Code Ann. § 40-30-102(b). Petitioner does not assert that subsections (2) or (3) are at issue in this case, but premises relief on the Supreme Court's decision in *Padilla*. *Padilla* has not been given retroactive application. *See, e.g., Brenda Reynalda Inzunza v. State*, No. M2011-02641-CCA-R3-PC, 2013 WL 57878, at *3 (Tenn. Crim. App. Jan. 7, 2013) (citing cases for the proposition that *Padilla* should not be applied retroactively). In this case, Petitioner's plea was entered on January 11, 2010, and *Padilla* was decided on March 31, 2010. Accordingly, even if *Padilla* established a constitutional right that was not recognized as existing at the time of the plea and even if, contrary to authority, retrospective application of that right were required, Petitioner would have had to have filed for relief within one year of the opinion in *Padilla*. The petition was filed outside the statutory time period.

Petitioner presents several arguments related to the timeliness of his petition. First, he argues that the ruling from the Hickman County habeas corpus court was a

determination that his post-conviction petition was timely filed, and that this determination, which was not appealed, is binding on this court. We begin by observing that nothing in the Hickman County Circuit Court's order addresses the timeliness of the petition. The Hickman County Circuit Court, after denying habeas corpus relief, merely determined that the remaining substance of the petition presented a post-conviction claim that the judgment was voidable, and the court accordingly ordered the State to file a response under the Post-Conviction Procedure Act. *See* Tenn. Code Ann. § 40-30-108(a). The State had not yet asserted the statute of limitations, nor had the Hickman County Circuit Court made a ruling on the limitations issue. Because the order did not contain anything that could remotely be read as a determination of timeliness, Petitioner's arguments that this order is binding on the appellate court are unavailing. We further note that the Hickman County Circuit Court did not have jurisdiction to hear the post-conviction petition, and any determinations it made regarding timeliness would accordingly be a nullity. *See Carter*, 279 S.W.3d at 563-66.

We next turn to Petitioner's argument that the five counts of the indictment which were to be dismissed as part of the plea agreement were still pending years later, rendering the petition timely. First, we note that nothing in the record supports this proposition beyond Petitioner's assertion that the charges were not dismissed until May 6, 2013. The judgment form itself states under "Special Conditions" that the remaining five counts of the indictment were dismissed. Moreover, even if the remaining charges were still pending until May 6, 2013, as Petitioner claims, Petitioner still did not file for post-conviction relief in Hickman County until June 18, 2015, and did not file for relief in Wilson County until May 16, 2016. Accordingly, both petitions were in any event filed outside of the one-year limitations period.

Finally, we turn to the argument that Petitioner is entitled to due process tolling of the statute of limitations. Petitioner's argument on appeal appears to be that his inability to speak English prevented him from understanding his rights and filing a timely petition. First, we conclude that this argument is waived. The petition filed with the Wilson County Criminal Court, while it contained a heading regarding the "Right to Delayed Filing," addressed only whether *Padilla* should be given retroactive application. Nowhere did Petitioner assert that a language barrier prevented him from timely filing his petition, and the issue may not be presented for the first time on appeal. Tenn. Code Ann. § 40-30-106(d) ("Failure to state a factual basis for the grounds alleged shall result in immediate dismissal of the petition."); Tenn. Code Ann. § 40-30-110(f); *Butler v. State*, 789 S.W.2d 898, 902 (Tenn. 1990) (concluding that issue not presented to the post-conviction court was waived).

Furthermore, due process requires only an opportunity to present a claim at a meaningful time and in a meaningful manner. *Whitehead v. State*, 402 S.W.3d 615, 623

(Tenn. 2013); *Wilson v. State*, 367 S.W.3d 229, 234 (Tenn. 2012) (citing *Burford v. State*, 845 S.W.2d 204, 208 (Tenn. 1992)). Inherent in due process is "'a reasonable opportunity to have the claimed issue heard and determined.'" *Sands v. State*, 903 S.W.2d 297, 300 (Tenn. 1995) (quoting *Burford*, 845 S.W.2d at 208). Here, the post-conviction court found that Petitioner had presented an identical claim to relief in a timely filed post-conviction petition which was voluntarily dismissed on February 28, 2011. Accordingly, Petitioner was aware of the mechanism for filing a post-conviction petition and had an opportunity to present his claims at a meaningful time and in a meaningful manner. Because there is no reason to toll the limitations period, Petitioner is not entitled to relief.

## CONCLUSION

Because the post-conviction petition was filed outside the limitations period, we affirm the post-conviction court's dismissal of the petition.

_____
THOMAS T. WOODALL, PRESIDING JUDGE